852 F.2d 565
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James R. HUTCHENS, Petitioner-Appellant,
v.
B. Norris VASSAR; Virginia Parole Board and Members,
Respondents-Appellees.
 No. 88-7586.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 31, 1988.
Decided: July 18, 1988.
 
 James R. Hutchens, appellant pro se.
 Robert Harkness Herring, Jr. (Office of the Attorney General), for appellees.
 Before SPROUSE and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Virginia inmate James R. Hutchens filed this action pursuant to 42 U.S.C. Sec. 1983, claiming that his rights were violated because the reason given for the denial of parole was constitutionally inadequate. Additionally, Hutchens appeared to maintain that had statutorily mandated procedures been followed, he would have been paroled. The district court construed Hutchens' claims as sounding in habeas corpus and dismissed for want of exhaustion. Hutchens appeals.
 
 
 2
 To the extent that Hutchens attacks the decision to deny parole, his claim attacks the fact or length of confinement. The district court properly treated the claim as one that should have been brought pursuant to 28 U.S.C. Sec. 2254. As Hutchens failed to demonstrate exhaustion, dismissal was appropriate. See Preiser v. Rodriquez, 411 U.S. 475 (1973).
 
 
 3
 Hutchens' chief complaint, however, is that there were procedural irregularities surrounding the denial of parole. In particular, Hutchens alleges that to deny parole only because of the severity of the offense violates his constitutional rights. This is a 42 U.S.C. Sec. 1983 claim, see Franklin v. Shields, 569 F.2d 784, 800 (4th Cir.1977), cert. denied, 435 U.S. 1003 (1978), which we find to be without merit. All the Constitution requires when parole is denied is that officials give the inmate a statement of the reason for denying parole. Franklin v. Shields, 569 at 801. This was done in Hutchens' case.
 
 
 4
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument. A certificate of probable cause to appeal is granted, and the judgment of the district court is affirmed.
 
 
 5
 AFFIRMED.